UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                                    403CR112

INGERBERTH C. BAIRD

## AMENDED ORDER

Following a 2003 indictment accusing Nicolette and Ingerberth Baird of, *inter alia*, conspiracy and mail fraud, doc. # 1, Nicolette later pled to a lesser charge in a separate proceeding, doc. # 108 at 1, and a jury ultimately found Ingerberth guilty of: conspiracy in violation of 18 U.S.C. § 371; filing a false claim against the government in violation of 18 U.S.C. § 287; and committing mail fraud in violation of 18 U.S.C. § 1341. Doc. # 87. Ingerberth has been sentenced and is now appealing. Doc. ## 114, 115, 116, 118.

This has been a vexing case, vexing to the Court and no doubt vexing to Ingerberth's appointed counsel, Mr. Saunders Aldridge. Shortly after his conviction Aldridge moved the Court to allow him to withdraw from representing him. Doc. # 88. The then trial judge (the Hon. John F. Nangle) denied that motion. Doc. # 90. But Judge Nangle has since passed away and, following reassignment of this case to the undersigned, doc. # 96, counsel moved for reconsideration, doc. # 97, as well as "clarification" of an earlier Order. Doc. # 93. The Court then held a hearing where Ingerberth elected to continue with counsel's representation. Doc. # 112.

Before it held that hearing, however, the Court entered a comprehensive order recounting the difficulty that Ingerberth had created for both Aldridge and this Court. Doc. # 108. Among other things, Ingerberth sent complaint letters -- behind Aldridge's back -- to judges on this Court.

*Id.* at 2 n. 3.

Aldridge has since submitted a Criminal Justice Act (CJA) (18 U.S.C. § 3006A) compensation application reflecting over $21,000 worth of time and costs. Doc. # 117. His 11/26/08 letter to the Court's CJA Clerk states, however, that he is "not petitioning the Court for compensation beyond the allowed amount for the CJA20 form in [this] case."

CJA requests exceeding the $7,800 statutory maximum, 18 U.S.C. § 3006A(d)(2),[1] require the Court to "certif[y] that the amount of the excess payment is necessary to provide fair compensation." 18 U.S.C. § 3006A(d)(3). *See, e.g., U.S. v. Baker*, 2008 WL 4755555 (S.D.Ga. 10/24/08) (unpublished). Thus, the Court presumes that Aldridge, whose work stretches past 10/13/08, seeks no more than $7,800.[2]

---

[1] The "Judicial Administration and Technical Amendments Act of 2008," Pub.L. No. 110-406, 122 Stat 429 (enacted 10/13/08), amended the CJA (18 U.S.C. § 3006A) by raising case compensation maximums applicable to appointed private "panel" attorneys. As now reflected in Vol. 7, Guide to Judiciary Polices and Procedures § 2.22, they are set at: $7,800 for felonies at the trial court level and $5,600 for appeal (previously $7,000/$5,000); $2,200 for misdemeanors at the trial court level and $5,600 for appeal (previously $2,000/$5,000); $7,800 for non-capital post-conviction proceedings under 18 U.S.C. §§ 2241, 2254 or 2255 and $5,600 for appeal (previously $7,000/$5,000). *Id.*

[2] The above-noted CJA amendment to the attorney case compensation maximums applies to cases pending on or after 10/13/08, the effective date of the legislation. Specifically, the new case compensation maximums apply to a voucher submitted by appointed counsel if that person furnished any CJA-compensable work on or after 10/13/08. The former case compensation maximums apply to a voucher submitted by appointed counsel if that person's CJA-compensable work on the representation was completed before 10/13/08. *See* Vol. 7, Guide to Judiciary Polices and Procedures § 2.22.

Aldridge represented Ingerberth through the 10/14/08 sentencing, doc. # 114, and on 10/22/08 filed a Notice of Appeal, doc. # 116, consistent with his obligation to

Mr. Aldridge has exhibited remarkable restraint with his client. Moreover, he has accepted his obligation as an officer of the court with a high degree of professionalism. Given the extraordinary difficulty and extra time that Aldridge regrettably had to devote to this case, the Court unhesitatingly awards him $7800 plus $276.45 in travel and $436.63 in "other" expenses.[3]

Consistent with this Court's open-records policy, *see U.S. v. Baker*, 2008 WL 4921262 (S.D.Ga. 11/17/08) (unpublished), the Clerk shall file -- unsealed -- Aldridge's CJA petition, attachments, and 11/26/08 letter within 10 days of the date this Order is served, absent a stay motion from him. For all cases before the undersigned, future CJA petitions and cover letters shall likewise be filed unsealed.[4]

This 10 day of December, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

continue representing him on appeal until relieved by the Eleventh Circuit. *See* 11th Cir. R. 46-10(c) ("Counsel appointed by the trial court shall not be relieved on appeal except in the event of incompatibility between attorney and client or other serious circumstances") (Aug. 2008), *quoted in U.S. v. McCloud*, 2008 WL 5069833 at * 2 (S.D.Ga. 12/1/08) (unpublished). So, he is entitled to the benefit of the higher maximum cap.

[3] The expenses figures have been slightly reduced due to computational corrections by the Court's CJA Clerk.

[4] Parties showing good cause may move a Magistrate Judge to file materials under seal. *See* S.D.GA.L.R. 79.7.